819 F.2d 1137
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bill CONARD, Plaintiff-Appellant,
v.
David MILLER, Trooper, North Carolina Highway Patrol; Joel
Reece, Trooper, North Carolina Highway Patrol;
Doyle Christopher, Sergeant, Trooper,
North Carolina Highway Patrol,
Defendants-Appellees.
 No. 86-7293.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 23, 1987.
Decided May 27, 1987.
 
 Before RUSSELL, WIDENER and CHAPMAN, Circuit Judges.
 Bill Conard, appellant pro se.
 William Dale Talbert, Assistant Attorney General; Issac T. Avery, III, Special Deputy Attorney General, for appellees.
 PER CURIAM:
 
 
 1
 Bill Conard filed suit alleging that he was unconstitutionally beaten by the defendants after he was arrested and handcuffed, in violation of his constitutional rights and 42 U.S.C. Sec. 1983. After a trial, the jury returned a verdict finding that the defendants had not violated Conard's constitutional rights. The district judge entered judgment pursuant to the verdict, and Conard appeals.
 
 
 2
 On appeal, Conard alleges that the district judge made improper comments that foreclosed the issue of witness credibility from consideration by the jury. Conard further alleges that the district judge improperly instructed the jury by failing to give instructions that would support Conard's view of the case.
 
 
 3
 We find that Conard's contentions are meritless and do not raise a substantial question warranting preparation of a trial transcript at government expense. Conard admits that the allegedly improper comments were merely questions the district court posed to Conard to clarify his story for the jury. The facts and issues in the case were also not so complex that there is a substantial doubt that the district judge improperly instructed the jury on the applicable law.
 
 
 4
 A substantial question warranting preparation of a transcript is not raised merely when a party disagrees with a jury verdict. We deny Conard the preparation of a transcript at government expense because we do not find that this appeal presents a substantial question. See 28 U.S.C. Sec. 753(f). We affirm the judgment of the district court and dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 5
 AFFIRMED.